ELLIS H. ROSS, RESPONDENT, v. EDMUND FERRIS AND CHARLES KIRK, APPELLANTS.

*Stipulation not to enforce a judgment for a certain time — sureties on the appeal bond are released thereby.*

The defendants were sureties to an undertaking on an appeal from a justice's judgment. Subsequently, by stipulation of the parties, a judgment of affirmance was entered, on the condition that execution should not be issued thereon for six months.

*Held*, that this operated as an extension of time, and released the sureties.

APPEAL from a judgment of the County Court of Tioga county, affirming a judgment of a justice of the peace in favor of the plaintiff.

The action was brought upon an undertaking given on an appeal from a justice's judgment, which was signed by the defendants as sureties. The appeal was not heard; but, in pursuance of a stipulation between the parties, a judgment of affirmance was entered " upon the stipulation and condition that execution should not issue upon the judgment to be entered, under six months."

*Charles E. Parker*, for the appellants.

*Ambrose P. Eaton* and *Lyman L. Settel*, for the respondent.

*Per Curiam:*

Stipulations made by attorneys in actions are held to be binding, without any regard to the question of consideration. Therefore, the agreement in this case, that execution should not be issued until six months after the recovery of judgment, was a valid extension of the time within which the debt could be collected. There could be no question on this point, for the stay of execution was made a part of the judgment itself.

It is a familiar doctrine that any valid extension of time, given by the creditor to the principal debtor, releases the sureties. We do not mean by this that the ordinary extensions of time in actions, or the putting a case over from one term to another, would discharge such sureties as the defendants are. But the agreement to delay execution is a very different matter. It extends the time of payment, which would otherwise be fixed by the judgment. It prevents the sureties, if they should pay the debt, from immediately enforcing the judgment obtained by the creditor, and to which they might be entitled by subrogation.

This is not a question of good faith or bad faith on the part of the creditor. It is merely the application of a rule of law, well settled and necessary for the protection of all sureties.

The judgment of the County Court and of the justices' court must be reversed, with costs.

Present — LEARNED, P. J., BOCKES and BOARDMAN, JJ.

Judgment reversed, with costs.